IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LATOYA CREDIT, EVERETT MARTIN,  
TYREIK CREDIT, and SHONDRENIKA  
CREDIT,

           Plaintiffs,

   v.

DON BONNER, OREGON DEPARTMENT  
OF HUMAN SERVICES, and J-D-H  
JUVENILE DETENTION CENTER,

           Defendants.

3:11-cv-661-HU

FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge

    Plaintiff LaToya Credit, brings this action *pro se* on behalf of herself and her three children. Plaintiff moves to proceed *in forma pauperis* (#1). An examination of the application reveals that plaintiffs are unable to afford the fees of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed. However, the Clerk of the Court shall not issue process until further order of the court.

///

1 - FINDINGS AND RECOMMENDATION

**I.   BACKGROUND**

Plaintiffs bring this action against the Oregon Department of Human Services (ODHS), the Juvenile Detention Center, and Don Bonner, an ODHS case worker.  Plaintiffs move the court to issue an injunction and "Order of Restraint" preventing the defendants from removing her children from her custody.  Plaintiffs allege that defendant Bonner engaged in "civil harassment" by initiating a juvenile proceeding to have the children removed from LaToya Credit's custody due to her failure to keep them enrolled in a public school.

Plaintiffs attach several documents to their complaint, including a petition for a restraining order in which plaintiff LaToya Credit alleges that Don Bonner forced her to perform oral sex in exchange for his assurance that he would not initiate proceedings to remove her children from her custody.  Plaintiffs also attach a Restraining Order directed at Don Bonner that appears to have been signed by a Multnomah County Circuit Judge on May 31, 2011. Additionally, plaintiffs attach an article entitled "What is Sovereign Citizenship"; a notice to the State of Oregon and ODHS that neither she nor her children are in need of any services; and a "Notice of Payment Due" accusing Don Bonner of "unauthorized use occurrence of five names that you were given direct notice of copyright."

///

2 - FINDINGS AND RECOMMENDATION

## II. STANDARDS

This court must dismiss an *in forma pauperis* action if it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Loopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (concluding that § 1915(e)(2)(B) applies to non-prisoners). In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, give rise to a plausible inference that defendants violated plaintiff's constitutional rights. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

Plaintiffs' complaint is subject to dismissal for several reasons. First, plaintiffs have failed to allege the basis for this court's exercise of jurisdiction. To the extent that plaintiffs seek to bring a civil rights claim against defendants

3 - FINDINGS AND RECOMMENDATION

ODHS and the Juvenile Detention Center, both entities are entitled to sovereign immunity.  Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); see also Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004)(state agencies entitled to immunity from suit in § 1983 action); Will v. Michigan Dep't. of State Police, 491 U.S. 58, 63-64, 71 (1989) (state is not a person within the meaning of § 1983).  Accordingly, the complaint should be dismissed, with prejudice, as to these defendants.

If plaintiffs seek to bring a civil rights action against defendant Bonner, based upon his alleged actions to remove plaintiff's children from her custody and/or his sexual assault of plaintiff LaToya Credit, they must allege what constitutional rights were violated, and facts supporting a plausible inference that defendant Bonner violated her constitutional rights while acting under color of state law.  See American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (setting forth elements of action under 42 U.S.C. § 1983); see also Rogers v. County of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007) (Fourteenth Amendment guarantees that parents will not be separated from their children absent due process); Fontana v. Haskin, 262 F.3d 871, 881 n.6 (9th Cir. 2001) (most cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment).

4 - FINDINGS AND RECOMMENDATION

To the extent that plaintiffs are seeking to bring a copyright infringement case, plaintiffs fail to state a claim due to her failure to allege any facts giving rise to a reasonable inference that the defendant committed a copyright infringement. In order to state a claim for copyright infringement in violation of 17 U.S.C. § 501 *et. seq.*, plaintiffs must plausibly allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1076 (9th Cir. 2006).

Last, plaintiff LaToya Credit brings claims on behalf of her children Everett Martin, Tyreik Credit, and Shondrenika Credit who appear to be minors. Federal Rule of Civil Procedure ("Rule") 17(c) addresses who may bring such actions on behalf of a minor. LaToya Credit has not alleged that she is any of the representatives listed in Rule 17(c)(1), nor that she sues as next friend or as guardian ad litem for the minor plaintiffs under Rule 17(c)(2).

## CONCLUSION

Based on the foregoing, plaintiffs' provisional *in forma pauperis* status is CONFIRMED. Plaintiffs' complaint should be dismissed for failure to state a claim. Plaintiffs should be given 30 days in which to file an amended complaint against defendant Bonner only, curing the deficiencies noted above.

///

5 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due July 18, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due August 4, 2011. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this _30th___ day of June, 2011.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION